Mr. Justice Nott
delivered the opinion of the Court.
I'have taken the brief which has been delivered by the counsel for the defendant, as containing a correct report of this case. The several questions growing out of it, which have been submitted to us in the course' of the argument, are as follows :
1st. Whether the legal effect of the bond in question is to make the defendant liable, after the expiration of one year; being the period for which Mr. Trezevant was first elected, when he became his security ?
2nd. Whether parol evidence was properly admitted to show the intention of the parties; and if it was, whether it has given the bond a more extended operation than would otherwise have been given to it ?
• 3rd. Admitting Colonel Johnson to be bound only for one year', whether there was not sufficient evidence before the jury td'sustain the verdict; at least for a part, if not, for the whole ? ■ ■ 1 "
The condition of the bond is in the following words ; st The condition of the above obligation is such, that if the above bound Peter Trezevant, John Johnson, jun. Charles B. Cochran, and Hugh Patterson, their certain *45 satornies, heirs, executors or administrators, or any of them, shall and do well and truly deliver in good order unto the above mentioned South-Carolina Society, whenever the same shall be demanded or called for, at any of their regular meetings, (fire and like unavoidable accidents excepted,) the several bonds, notes and sums o! money, with the silver plate belonging to the South-Carolina Society ; which bonds, notes, plate and sums of money are for greater certainty specified and contained in a schedule, dated the thirteenth day of January, 1809, and subscribed by the said Peter Trezevant, and delivered to Thomas Roper, esquire, the present steward of the said society ; and also, shall at all times, when required, ren ■ dev a true and faithful account of the monies from time to time that shall be delivered to him by the said society, or received by him in their behalf, and in every matter and thing faithfully shall discharge his trust as treasurer of the said society, then this obligation to he void and of ac effect, or else to be and remain in lull force and virtue,”
It does not appear upon the face of this bond, for how long a time its obligation was intended to continue. But its object appears to be to secure the faithful performance of Mr. Trezevanfs duties as treasurer of the South-Ca■■ rolina Society. The duration oí the bond, therefore, must be determined by the duration of the office. By a reference to the rules of the society, it appears that the treasurer was elected only for one year. The legal operation of the bond therefore cannot be carried beyond that period» Neither can it be extended by the accidental circumstance of his having been re-elected. It must continue to have the same construction as would have been given to it, at the time of its creation. Such, I think, would have been its construction upon principle, without regard to authority. But it is amply supported by authority. (2 Saunders, 411. Wright vs. Russell, 3 Wilson, 530. Barker vs. Parker, 1 Term Rep. 287. Strange et al. vs. Lee, 3 East, 484. 4 B. & P. 34, 40. Pro. Liv. Wat. Works vs. Harpley, 6 East, *46 507. 5 B. & P. 174. 2 Maule & Selwyn, 363. Com. Accounts vs. Greenwood, 1 Eq. Rep. 452.)
It is true that in most of those cases, the term of office, is expressed in the bond, or may be inferred from its lam guage and provisions. But whether it is expressed in the bond, or fixed by law, cannot make any difference; and the rules of this society are the law to all the members belonging to it. The case of the Commissioners of Public Accounts vs. Greenwood and others, (1 Eq. Rep. 450,) is directly in point. The defendant had been security for the treasurer of the State, who had been elected annually.. There was no time mentioned in the bond, and the Court of Equity held that he was not bound beyond the first year. A distinction is attempted to be made between an office of a public nature, and a private office, of a self-created society. Every member of the.State, it is said, is supposed to know the laws of the State. But it may he answered, that the members of every society are presumed to know the laws of that society, The strongest case in favor of the plaintiff, is the case' of Hughes vs. Smith and Miller. (5 Johnson, 168.) That was an action brought by a sheriff on a bond given for the faithful performance of the duties of a deputy sheriff, by one of the defendants, “ as long as he should continue in that office.” The sheriff had been re-elected after taking the bond, and the deputy had been continued in office, without any new appointment.— The question was whether, the bond continued to be obligatory after the re-election of the- sheriff? The Court held that it did ; because, although the sheriff was re-appointed, the deputy was not, neither was it necessary that he should be. His office continued on uninterrupted, and therefore the bond continued operative. 'The grounds of that decision were, that as there was no point of time when the sheriff was not actually in office, the office of the deputy did not cease with the expiration of the term of office of his principal. With all the respect due to the able bench of New-York, I am not prepared to say that I should *47 concur with that decision. But it is deductible even from that case, that if the office of the deputy had expired with that of his principal, or if he had actually been re-appointed, the obligation of the bond would have ceased. I Thir.k therefore, that the defendant was not bound beyond the. first year that Mr. Trezevant was in office. On the second ground, the amount of the argument on the part of the plaintiff is, that the bond on its face docs not appear to be limited in its duration. The defendant therefore is obliged to resort to parol evidence to fix its limits, and that permitting the defendant to go into parol evidence, opens the door for the plaintiffs to go into similar evidence to shew the intention, and that the intention must prevail, even though it be contrary to the language of the deed itself.— But I think the counsel is mistaken, both with regard to the facts and the conclusion which he has drawn irora them. We cannot, to he sure, from the bond alone, ascertain the period of its duradon. Neither can we as> sr-tain that there has been a breach of the condition. The first resort to parol evidence- then is, on the par.t of the plaintiff, to shew a breach of the covenant contained in the condition. The object of the testimony on the part of the defendant is, to repel the proof adduced by the plaintiff, by shewing that the bond had become a dead letti r before the breach assigned could have happened. But it is not parol evidence. He relies on the constitution of the society, which, in relation to every thing affecting the members of the society, is as high evidence as the constitution of the State.
But suppose the defendant had proved the same fact by parol, the conclusion attempted to be drawn from it would not follow. Wherever- a deed refers to any thing extrinsic or foreign to the deed itself, it must be established or identified by parol evidence. Thus for instance, where a conveyance or grant of land calls for certain marks or monuments as evidence of its metes and bounds, those marks or monuments can be identified only by parol evidence ? *48 such evidence would be consistent with, and not contra-• dictory to the deed. It certainly would not authorise the opposite partv to go into evidence to shew that the intention ol tbe parties was different from the legal import of the writing itself* If a person should enter into a covenant to deliver to another all the cotton which he had in a certain ware.-hóuse in Charleston, it would be necessary to shew by parol evidence how much cotton he had in that ware-house at the time. But that would not make it competent foi1 him to shew that he meant a part and not the whole ; or for the other to shew that he was bound to deliver all that might be in the ware-house at any indefinite period afterwards. So where by the production of parol evidence, one part of a deed is made to appear inconsistent with another part of the same deed, that inconsistency- or ambiguity thus raised may be explained by the same kind of testimony : As if a grant should call for a line running south to a particular river, which should be found on the north, it might be explained by parol evidence ; because the river itself as well as ils relative position to the land, would be a part of the description. But that would not give a license to shew that it was the intention of the parties to extend the line a given distance beyond the river. The intention ought to prevail; but then it must be collected from the deed itself. A deed may be couched in language so strong, as to control the legal effect of technical terms in aid of the intention of the parties; but it cannot be altered or explained by parol evidence, except where an ambiguity has been raised by such evidence, and then only to remove that ambiguity. I think therefore that the evidence offered to shew the intention of the parties ought-riot to have been received. I do not think, however, that it altered the complexion of the case ;• it merely went to shew that the society had neglected to’renew the bond at each annual election. But it does not follow,- that because the defendant was a, member of the society, he must have been acquainted with that fact. Neither is it material *49 whether he was or not; it could not alter bis responsibility; he certainly did know that his principal was elected for one year only, and it is reasonable to presume, that he as certainly concluded that his liability ceased at the expiration of the year.
McCall and Hayne, •Attorney-Gen. for the motion.
Simons and Waring, contra.
I come now to the last question which has been submitted to our consideration. If it were doubtful whether the delinquency might not have happened during- the first year that Mr. Trezevant was in office, the case ought to be aent back to another jury. But the testimony satisfactorily removes that doubt. The part of the bond in which the breach is assigned, is in these words, that he “ shall, at all times, when required, render a true and faithful account of' the monies from time to time, that shall be delivered to him by the said society, of received by him in their behalf.” ' It appears by the evidence presented to us, that he did render a true and faithful account, according to his covenant, at the expiration of that year. It also -appears by the accounts of his successor, that all the monies were paid over to him. He was indeed his own successor, and acknowledged the money in his hands, and the'society appears to have been satisfied with bis accounts for several succeeding years, it is apparent, therefore, that the defalcation happened several years after the liability of the defendant ceased to exist. The action ought not to have been sustained, and the motion fof a non-suit must be granted.
Justices Bay, Gantt, Richardson and Huger, concurred.